IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00320-GPG-JMC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DAVIDSON FORD LOPEZ,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through R. Josh Player, Assistant United States Attorney for the District of Colorado, and Defendant, Davidson Ford Lopez, personally and by counsel, Wade Whidden, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and Defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

Defendant agrees to

(1)   waive Indictment and plead guilty to Count One of an Information charging a violation of Assault on a Federal Officer with Physical Contact, a violation of Title 18 United States Code Section 111(a).

(2)   waive certain appellate and collateral attack rights, as explained in detail below; and

COURT'S EXHIBIT 1

(3) be liable for restitution in the amount of $64.00.

## B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (c)(1)(B). The Government agrees to move to dismiss the controlling Indictment at the time of sentencing in this matter. The Government also agrees to make a recommendation that Defendant be ordered to serve six months imprisonment. The Parties understand that this agreement is not binding on the Court.

Should the plea of guilty be vacated on the motion of Defendant, the Government may, in its sole discretion, move to reinstate any or all the counts dismissed pursuant to this agreement, the Indictment, and potentially file a Superseding Indictment.

Provided Defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the Government agrees that Defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

## C. Defendant's Waiver of Appeal:

Defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the Government in this agreement, Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, Title 18 U.S.C. § 111(a)(2);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 13; or

(3) the Government appeals the sentence imposed.

If the first criterion applies, Defendant may appeal only the issue of how the sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, Defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under Title 28 U.S.C. § 2255). This waiver provision does not prevent Defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) Defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) Defendant was deprived of the effective assistance of counsel; or

(3) Defendant was prejudiced by prosecutorial misconduct.

Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this case number, except where Defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and Defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the Court.

Defendant also waives the right to appeal the denial of any motion filed under Title 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the Court's determination that a sentence reduction is not warranted under the factors set forth in Title 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the District Court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D.    ELEMENTS OF THE OFFENSE: 18 U.S.C. § 111(a)

The Parties agree that the elements of Assault on Federal Officer with Physical Contact, a violation of Title 18 United States Code, Section 111(a), occurring on or about June 6, 2023, in the State and District of Colorado are as follows:

*First:*      Defendant forcibly assaulted, resisted, impeded, and interfered with A.W.;

*Second:*   the person assaulted, resisted, opposed, impeded, and interfered with, A.W., was a federal officer who was then engaged in the performance of is official duty, as charged;

*Third:*     Defendant did such acts intentionally; and

*Fourth:*   Defendant made physical contact with the federal officer, A.W.

10th Circuit Criminal Pattern Jury Instructions 2021 Edition

## II.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Information is: not more than 8 years imprisonment; a maximum term of supervised release of 3 years; maximum fine $250,000; $100 mandatory victim's fund assessment fee; and restitution in the amount of $64.00.

## III.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## IV.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in Title 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the Parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either Party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other Title 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The Parties agree the Government would be able to prove the following facts at trial.

On June 6, 2023, M.W. called Southern Ute Police to report that Defendant, Davidson Ford Lopez, was out of control, causing a disturbance, and creating problems.

SUPD Officer A.W. responded with other officers. SUPD Officer A.W. has a current SLEC commission which renders him a federal officer for purposes of Title 18 U.S.C. Section 111(a).

When Officer A.W. arrived at the residence of M.W., Defendant came out of the residence intoxicated. Defendant raised his arms and was belligerent toward officers. The behavior Defendant was exhibiting was consistent with the call to dispatch that Defendant was out of control, causing a disturbance, and creating problems.

As Officer A.W. attempted to put handcuffs on Defendant, Defendant kicked Officer A.W. in the knee causing pain.

Defendant was eventually hand-cuffed, arrested, and placed in a patrol vehicle.

Later, during transport to the hospital, Defendant complained that his handcuffs were hurting his wrists. Officer A.W. stopped the patrol vehicle to attempt to adjust the handcuffs. While Officer A.W. attempted to adjust the handcuffs, Defendant pushed his body into Officer A.W.'s arm and right shoulder twice. Officer A.W. heard his shoulder "pop." Officer A.W. immediately felt pain in his right shoulder and right arm.

Officer A.W. spent $64.00 in gasoline to attend follow-up medical visits regarding the injuries in this case.

The entirety of the interactions with Officer A.W. occurred within the State and Federal District of Colorado.

## V.   ADVISORY GUIDELINE CALCULATION

The Parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the Parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the Parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The guideline calculation below is the good-faith estimate of the Parties, but it is only an estimate. Although the Government is obligated to make the sentencing recommendation tied to an offense level of 13, as set forth in the Agreement section above, the Parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the Government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)   Under Section §2A2.4, the base offense level is 10.

b)   A three level increase is applied pursuant to subsection (b)(1)(A) for bodily contact.

c)   A two level increase is applied pursuant to subsection (b)(2) for causing bodily injury.

d)   The adjusted offense level is 15.

e)   Pursuant to §3E1.1, Acceptance of Responsibility, a two level decrease is applied. The resulting total offense level is 13.

f) The Parties understand that Defendant's criminal history computation is tentative and based on Defendant's prior convictions. The Parties believe Defendant is in criminal history category one.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h) The advisory guideline range resulting from these calculations is 12 to 18 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 12 months (bottom of Category I) to 41 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

i) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

j) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term to be *at least one year, but not more than three years*.

k) Restitution in the amount of $64.00 pursuant to guideline § 5E1.1.

The Parties understand that the Court is free, upon consideration and proper application of all Title 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any Party on any Title 18 U.S.C. § 3553 factor.

## VI. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the Government nor Defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 10/26/23

Davidson Ford Lopez
Defendant

Date: 10/26/23

Wade Whidden
Attorney for Defendant

Date: 10/26/2023

R. Josh Player
Assistant U.S. Attorney